# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2329 | **DATE** | 1/7/2013 |
| **CASE TITLE** | Sullivan, et al. vs. Alpine Irrigation Co. | | |

**DOCKET ENTRY TEXT**

Magistrate Judge Keys' Report and Recommendation [62] is adopted in its entirety, and defendants' objections [63] are overruled. Plaintiffs' motion to substitute JV Equipment LLC and Running Waters Irrigation, Inc. as defendants/judgment debtors pursuant to Rule 25(c) [54] is granted and judgment is entered in favor of plaintiffs and against respondents jointly and severally in the amount of $83,754.13 plus interest of $1.11 per day after March 30, 2012, with the judgment interest rate fixed at 0.49%.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

I entered default judgment in favor of plaintiffs in this ERISA action on June 1, 2009. After attempting to collect on the judgment, plaintiffs focused on two related entities, JV Equipment Leasing, LLC ("JVE") and Running Waters Irrigation, Inc. ("RWI"). Plaintiffs filed a motion under Federal Rule of Civil Procedure 25(c) to substitute JVE and RWI as defendants/judgment debtors, and Magistrate Judge Keys issued a Report and Recommendation in favor of granting the motion. The respondents filed objections.

I have considered the record, including filings related to plaintiffs' motion to substitute, Judge Keys' factual findings and legal analysis, and respondents' objections. Respondents' objections do not have merit and they fail to point to any error that would dictate an outcome different from the one recommended by Judge Keys. Because I agree with Judge Keys' well-reasoned and thorough analysis, I adopt the Report and Recommendation dated May 31, 2012, in its entirety.

Though respondents appear to concede that the proper standard of review here is clear error, the proper standard is *de novo* review. *See* 12 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 3068.1 (2d ed.) ("The statutory authorization for a district court to designate a magistrate judge to hear and determine a pretrial matter does not encompass determination of liability or damages in a civil action. Accordingly, the magistrate judge has no statutory authority to make a final determination of the damages following an entry of default. At most, the magistrate judge could hear the evidence and prepare a recommended decision[.]"); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1996) (holding that sanctions awarded after a case was dismissed on the merits "requires one party to pay money to another" and, therefore, "like the power to award damages, belongs in the hands of the district judge"). "Section 636(b)(1) of Title 28 requires that, where a party files written objections to a magistrate judge's proposed findings or recommendations, '[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Pinkston v. Madry*, 440 F.3d 879, 893 (7th Cir. 2006) (quoting *United States v. Raddatz*, 447 U.S. 667, 674, 100 S.Ct. 2406 (1980)). Under either standard, respondents' objections fall short.

**STATEMENT**

The objections largely rehash the earlier briefing, and neither set of briefing from respondents adequately addresses the applicable legal test (the "successor in interest" test per *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1329 (7th Cir. 1990)) or the factual support presented by plaintiffs. When respondents do finally discuss the correct test as set out in *Artistic Furniture*, they focus on whether RWI or JVE purchased any assets from Alpine. But *Artistic Furniture* does not require a formal purchase of assets in order to for a court to find successor liability in the ERISA context.

Furthermore, the objections do not challenge any of Judge Keys' material factual findings. The respondents unsuccessfully attempt to parse words, arguing that Judge Keys erred by relying on RWI's "use" of Alpine's assets and employees as a basis for liability. (S*ee* Objections, p. 4). Respondents also try to create factual distinctions between the entities where there are none (*see id.*, p. 10, admitting that defendant and respondents perform service and installation work but claiming that respondent RWI performs "primarily" service work), and to use respondent JVE as a vehicle for rebutting Judge Keys' findings (*see id.*, p. 11, insisting that RWI and JVE could not have taken on "every aspect" of Alpine's business because JVE "transacts no irrigation business"). None of these arguments is convincing, and none directly challenges the key findings made by Judge Keys, namely that Jeffrey Zeh exercised control over all entities, RWI hired 5 out of 6 of Alpine's former employees, all entities are/were operating out of the same location (Jeffrey Zeh's house), the substantial overlap in customer lists, and the timing in the creation of the respondent entities.

Judge Keys' factual findings are consistent with the record and strongly support the recommended outcome. Accordingly, plaintiffs' motion to substitute respondents as defendants/judgment debtors pursuant to Rule 25(c) is granted and judgment is entered in favor of plaintiffs and against respondents jointly and severally in the amount of $83,754.13 plus interest of $1.11 per day after March 30, 2012, with the judgment interest rate fixed at 0.49%.